## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL MORRIS,                    :

    **Plaintiff**              :        **CIVIL ACTION NO. 3:14-1902**

    **v.**                    :             **(JUDGE MANNION)**

CAROLYN W. COLVIN,               :
ACTING COMMISSIONER
OF SOCIAL SECURITY,              :

    **Defendant**             :

## <u>MEMORANDUM</u>

Pending before the court is the report of Judge Mehalchick,[1] to whom

the above matter was referred, (Doc. 17), which recommends that the Court

enter judgment in favor of the Commissioner of Social Security and against

the plaintiff, Angel Morris. The report further recommends that the Court affirm

the Commissioner's final decision denying the plaintiff's application for

benefits under the Social Security Act as well as deny the plaintiff's request

for the award of benefits under the Act and the plaintiff's request for a new

---

[1]Surprisingly, counsel for the plaintiff continually misidentifies Magistrate
Judge Mehalchick as the "Magistrate". The title magistrate no longer exists in
the U.S. Courts, having been changed from "magistrate" to "magistrate judge"
in 1990, some 25 years ago. (Judicial Improvements Act of 1990, 104 Stat.
5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act,
each United States magistrate . . . shall be known as a United States
magistrate judge.")). The court says surprisingly because Plaintiff's counsel
is a well regarded and experienced federal practitioner. Nevertheless, counsel
is reminded to use the correct title, in the future, when referring to Judge
Mehalchick or any other United States Magistrate Judges.

administrative hearing. Based upon the court's review of the record, the court will **ADOPT IN FULL** Judge Mehalchick's recommendation.

By way of relevant background, on September 30, 2014, the plaintiff filed her complaint in the instant action, (Doc. 1), seeking judicial review of the Commissioner of Social Security's denial of her claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. After being served with the summons and complaint, the defendant, Commissioner Carolyn W. Colvin, filed her answer as well as a transcript of the entire record of administrative proceedings, on December 23, 2014. (Docs. 9, 10). After briefing was submitted by the plaintiff in support of a ruling in her favor and by the defendant in opposition to the plaintiff's claim, Judge Mehalchick authored a Report and Recommendation ("R&R"), affirming the Commissioner's denial of benefits and recommending denial of an award of benefits and the plaintiff's request for a new hearing. (Doc. 17). On August 21, 2015, the plaintiff filed timely objections to the R&R, (Doc. 18), to which the defendant filed a timely response. (Doc. 19).

Judge Mehalchick's R&R provides a thorough review of the plaintiff's medical history and the pertinent relevant facts. (Doc. 17, pp. 1-11). The court will incorporate this portion of the R&R by reference. In addition, the court will restrict its discussion below solely to the relevant facts as they pertain to the

plaintiff's objections.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. DISCUSSION

The plaintiff objects to the recommended dismissal of her action on the grounds that the Administrative Law Judge's (ALJ's) allocation of weight between three accepted medical sources–Dr. Wehman, Dr. Schneider, and Dr. Hite–was not based upon substantial evidence. Specifically, the plaintiff objects to the ALJ's rejection of "extreme limitations found by Dr. Wehman and Dr. Schneider because they were based primarily upon the Plaintiff's subjective reports." (Doc. 18, p. 1). The plaintiff argues that a claimant's subjective complaints are "an essential diagnostic tool" in determining

disability entitlement (Doc. 18, p.1 (citing Flanery v. Chater, 112 F.3d 346, 350 (8th Cir. 1997)). While this statement is true and ALJs must give subjective complaints serious consideration, Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir. 2002), subjective complaints concerning pain or extent of symptoms may be discredited or given minimal weight. In fact, an ALJ may reject a claimant's subjective complaint if he does not find it credible. Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 433 (3d Cir.1999); *see also* Martinez v. Colvin, No. 3:14-CV-1090, 2015 WL 5781202, at *14 (M.D. Pa. Sept. 30, 2015); Powell v. Barnhart, 437 F.Supp.2d 340, 342 (E.D. Pa. 2006). Sections 404.1529 and 416.929 of the Code of Federal Regulations as well as SSR 96-7p govern the method of determining a claimant's credibility and the relevance of such determination. 20 C.F.R. §§404.1529, 416.929; *Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996).

Judge Mehalchick properly relied upon SSR 96-7p, which explains that when evaluating the "the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities, the ALJ must examine the claimant's own statements about his symptoms and their effects." SSR 96-7p

(citing 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4)). This, in turn, requires the ALJ to "make a finding on the credibility of the individual's statements based on a consideration of the entire case record," SSR 96-7p, including the following kinds of evidence:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p. Moreover, SSR 96-7p urges the ALJ to also analyze medical and laboratory findings, opinions by medical sources, and statements from the individual and medical sources about the individual's medical history, treatment, and daily activities. *Id.* The Social Security Ruling further guides the ALJ by noting that a strong indicator of credibility is consistency of the statements internally and with other evidence in the administrative record. *Id.*

Should the ALJ complete the analysis described above and determine that a claimant is not credible, then the "ALJ may discredit a physician's

opinion on disability that was premised largely on the claimant's own accounts of her symptoms and limitations." Morris v. Barnhart, 78 F. App'x 820, 825 (3d Cir. 2003) (citing Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)).

In the instant action, the ALJ's decision thoroughly reviews the plaintiff's testimony about the extent of her symptoms as well as the medical and opinion testimony otherwise presented in the record. Through this review, the ALJ identifies numerous inconsistencies between the medical evidence and the plaintiff's description of her symptoms, which support a finding that she is not entirely credible. (Doc. 10, p. 19-20). Moreover, the ALJ states that Dr. Wehman's records suggest he "greatly relied upon the [plaintiff's] subjective complaints" to determine the plaintiff's limitations; thus, to the extent that Dr. Wehman's opinion explains the plaintiff's limitations relative to her symptoms, his opinion must be partially discounted.[2] (Doc. 10, p. 21). Therefore, the record supports and this court agrees with Judge Mehalchick's finding that the ALJ properly evaluated the plaintiff's subjective complaints and found that the plaintiff's accounts "are not entirely credible." (Doc. 10, p. 19). The court further adopts Judge Mehalchick's conclusion that "[b]ecause the . . .

_____

[2] The ALJ determined the weight of Dr. Schneider's opinion regarding the plaintiff's symptoms in the same manner. The court also finds that the plaintiff's lack of credibility regarding her symptoms is a legitimate reason for partially discounting Dr. Schneider's opinion, insofar as it relies upon such subjective complaints. (Doc. 10, p. 20).

[p]laintiff's subjective complaints were properly discounted by the ALJ, and because certain aspects of Dr. Wehman's, and Dr. Schneider's, opinions were clearly based primarily upon Plaintiff's subjective reports, this constitutes a specific, legitimate reason for partially discounting these opinions." (Doc. 17, p. 19). The plaintiff's objection is overruled.

The plaintiff also objects to the ALJ's partial discount of Dr. Wehman's opinion on the basis that it was inconsistent with his own records. (Doc. 18, p. 2). Specifically, the ALJ noted that Dr. Wehman's medical source opinion "is not consistent with the evidence of record, including treating source records and clinical examination findings on a longitudinal basis." (Doc. 10, p. 21). Judge Mehalchick's R&R presents ample evidence of such inconsistencies:

> [T]he majority of Dr. Wehman's treatment records were generated in examinations subsequent to the date Dr. Wehman authored his medical source statement. These subsequent treatment notes reflect that Plaintiff's mood varied between depressed, anxious, and euthymic (normal). (Admin. Tr. 595-97, 658-62, 683-96; Doc. 10-9 pp. 67-69, 130-34; Doc. 10-10 pp. 2-15). She experienced a combination of progress and regression during the course of treatment, and her GAF fluctuated from a high of 80 to a low of 45, with the lowest GAF score being on the date Dr. Wehman rendered his opinion. *Id.* The GAF scores from subsequent treatment notes reflect that the overall severity of Plaintiff's symptoms had decreased. (See Admin. Tr. 691; Doc. 10-10 p. 10) (noting that the GAF scores in Dr. Wehman's treatment notes reflects a snapshot of the severity of Plaintiff's psychiatric symptoms during a single appointment). As far as Dr. Wehman's objective notes, Plaintiff consistently exhibited: an acceptable

physical appearance; relevant, productive, goal-directed speech; a normal stream of thought; no hallucinations; and intact cognitive/executive functions. (Admin. Tr. 595-97, 658-62, 683-96; Doc. 10-9 pp. 67-69, 130-34; Doc. 10-10 pp. 2-15). Plaintiff was positive for suicidal ideation on November 9, 2011, she exhibited paranoia on June 22, 2011, and July 20, 2011, but otherwise her thought content was normal. *Id.*

Given the improvement of Plaintiff's condition in subsequent treatment notes, and the fact that this improvement was not accounted for in Dr. Wehman's June 2011 medical source statement, the Court finds that it was reasonable for the ALJ to conclude that the relatively benign clinical observations during subsequent examinations are at odds with Dr. Wehman's opinion that Plaintiff suffered from extreme limitations in eight out of the ten activities assessed.

(Doc. 17, p. 19 n.3). The court adopts Judge Mehalchick's thoroughly reviewed and reasoned conclusion that Dr. Wehman's medical source opinion was inconsistent with other evidence in the record including his own treatment records, and further concludes that substantial evidence supports the ALJ's partial discount of Dr. Wehman's opinion in this respect.

The plaintiff, however, states that Judge Mehalchick misinterpreted the Mental Source Statement prepared by Dr. Wehman. It was not, according to the plaintiff, an assessment of current functioning as the ALJ and Magistrate Judge interpreted it to be, but was rather an assessment of "potential problems should the individual be placed in a work setting." (Doc. 18, p. 2). The court does not find this argument persuasive or factually grounded. Dr. Wehman completed a "Medical Source Statement of Ability to Do Work-

Related Activities (Mental)" for the plaintiff on June 22, 2011. (Doc. 10, pp. 655-57). The form for this medical opinion provides specific instructions. It asks the medical professional: "[p]lease give us your professional opinion of what the individual *can still do* despite his/her impairment." *Id.* at 655 (emphasis added). All the instructions provided, like the one quoted above, are written in the present tense. In addition, each guiding question on the form is also written in the present tense, and Dr. Wehman's responses do not include any comments or suggestions that the Mental Source Statement is to be viewed as an assessment of *potential problems* in the *future*. *Id.* There is no indication that the form is anything but an assessment of the plaintiff's current functioning. Moreover, even if the Mental Source Statement was viewed as the plaintiff would like, a significant amount of objective medical evidence that was recorded subsequently by both Dr. Wehman and other medical and non-medical sources contradicts many of the findings, and as the defendant correctly notes, these inconsistencies may still be considered by the ALJ to determine the weight of Dr. Wehman's opinion. *See* Doc. 19, p. 2. Therefore, the plaintiff's objection is overruled.

Finally, the plaintiff argues that Judge Mehalchick erred by accepting the ALJ's finding that "the opinion of the non-examining state agency psychologist was entitled to significant weight rather than the opinions of Dr.

Wehman and Dr. Schneider." (Doc. 18, p. 3). The plaintiff focuses this objection on the "treating physician rule" and deference owed to a treating medical source. The "treating physician rule," codified at 20 C.F.R. §404.1527(d)(2), addresses the weight to be given a treating physician's opinion: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case, we will give it controlling weight." 20 C.F.R. §404.1527(d)(2); *see also* 20 C.F.R. §404.927(c)(2). "A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). In choosing to reject or discount a treating physician's opinion, an ALJ may not make "speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." Morales, 225 F.3d at 317 (citing Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)); Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988)). When the record

contains contradictory medical evidence, the ALJ may choose whom to credit, but must explain the reasoning behind her conclusions, particularly when that evidence is the opinion of a treating physician or would suggest a disposition contrary to that of the ALJ. Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).

Social Security Ruling 96-2p expands upon and clarifies 20 C.F.R. §404.1527(d)(2) and 20 C.F.R. §404.927(c)(2). The ruling provides: when a medical opinion is inconsistent with other substantial evidence, it must not be given controlling weight, but "may still be entitled to deference and be adopted by the adjudicator." SSR 96-2p, 1996 WL 374188 at *1 (July 2, 1996). The plaintiff cites to this assertion in his objections and states that Dr. Wehman's medical opinion, even if not given controlling weight, *must* be entitled to significant deference, and *must* be given more weight than the non-examining psychologist, Dr. Hite, because Dr. Wehman is a treating source. (Doc. 18, p. 3). The plaintiff misconstrues the "treating physician rule" by asserting that 1) it requires that a treating opinion *must* be given deference even if found not to be controlling; and 2) greater deference must be given to a treating source simply by virtue of its status as a treating source. (Doc. 18, p. 3). Ultimately, while she contends that the opinion of Dr. Wehman, a treating source, must not be rejected and must be entitled to deference, the plaintiff fails to note that

13

the ALJ did not reject Dr. Wehman's opinion outright, and in fact did give limited weight, or deference, to his opinion. (Doc. 10, p. 21). Thus, the plaintiff urges the court to do exactly what the ALJ already did during her review of the disability claim:  to give some, but not controlling deference to Dr. Wehman's treating opinion.

Moreover, the plaintiff seems to suggest that the court should give more weight to Dr. Wehman's opinion than a non-examining medical source, even if Dr. Wehman's opinion is found to be inconsistent and non-controlling. This is not the correct law. As stated in the R&R, agency non-examining expert opinions must be analyzed pursuant to sections 404.1527(f) and 416.927(f) of the C.F.R., and an ALJ must apply "more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." SSR 96-6p, 1996 WL 374180 at *2 (July 2, 1996). However, as Judge Mehalchick aptly notes, "[i]n appropriate circumstances, opinions from State agency medical and psychological consultant and other program physicians and psychologists may be entitled to greater weight than the opinion of treating or examining sources." (Doc. 17, p. 21 (quoting SSR 96-6p, 1996 WL 374180 at *3 (July 2, 1996)). Therefore, in this case, the court agrees with Judge Mehalchick's conclusion,

> [T]he ALJ's reliance on Dr. Hite's opinion was proper. The ALJ reasonably found that Dr. Hite's assessment was more consistent

14

with Plaintiff's more recent treatment records from Dr. Wehman, which reveal that Plaintiff was making progress and had a GAF score of 80. Moreover, the ALJ did not blindly adopt Dr. Hite's opinion. Instead, the ALJ provided additional restrictions consistent with evidence that did not become available until after the various medical sources rendered their opinions. (*See* Admin. Tr. 21; Doc. 10-2 p. 22) ("[T]he undersigned has provided additional restrictions in the claimant's residual functional capacity due to giving limited credence to the claimant's subjective complaints.").

Thus, the ALJ's thorough analysis and ultimate decision to give more weight to Dr. Hite than Dr. Wehman and Dr. Schneider is supported by substantial evidence and comports with the regulatory requirements and law. The plaintiff's objection regarding the weight given to Dr. Hite and the treating and examining medical sources is overruled.

After reviewing Judge Mehalchick's R&R as well as the plaintiff's objections, the court **ADOPTS IN FULL** Judge Mehalchick's recommendation that the court enter judgment in favor of the defendant and against the plaintiff, Angel Morris, affirm the Commissioner's final decision denying the plaintiff's application for disability benefits, and deny the plaintiff's request for award of benefits and request for a new administrative hearing. On the basis of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 17, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1902-01.wpd